*E-Filed 5/25/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT I. MASK, | No. C 10-0758 RS (PR) |
|     Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**; |
| v. | **DENYING MOTION FOR THE APPOINTMENT OF COUNSEL** |
| E. MEDIAN, et al., | |
|     Defendants. | |
| _____/ | |

This is a federal civil rights action filed pursuant to 28 U.S.C. § 1983 by a *pro se* state prisoner against officials and employees of Salinas Valley State Prison ("SVSP").  The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or

**United States District Court**
For the Northern District of California

any portion of it, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b).  Pro se pleadings must nonetheless be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that defendants E. Medina, Maria Hill, Steve Kellerhals, W. Feicher, L. Fox, R. Sid, A. Joaquin, and Birkholm "knowingly and vindictively refused to provide me medical attention for a knee injury."  (Compl. at 3.)  According to plaintiff, defendants' denial of a knee brace for over two years has resulted in pain and in the curtailment of daily activities.

Plaintiff has not stated a claim on which can be granted.  Specifically, plaintiff has not alleged which defendants were responsible for which acts.  Rather, plaintiff lists their names and offers the conclusory statement that "they" violated his constitutional rights.  This is insufficient.  Plaintiff must allege <u>specific</u> facts as to how <u>each</u> defendant violated, or participated in the violation of, plaintiff's constitutional rights, rather than make conclusory allegations against a group.  Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint correcting the deficiencies described in this order within 30 days from the date this order is filed.  Failure to file an amended complaint by such time will result in dismissal of the action without further notice to plaintiff.

The first amended complaint must include the caption and civil case number used in this order (10-0758 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the

No. C 10-0758 RS (PR)
ORDER OF SERVICE

defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Plaintiff may <u>not</u> incorporate material from the prior complaint by reference. Failure to file

an amended complaint in accordance with this order will result in dismissal of this action

without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

informed of any change of address by filing a separate paper with the clerk headed "Notice

of Change of Address." He must comply with the Court's orders in a timely fashion or ask

for an extension of time to do so. Failure to comply may result in the dismissal of this action

pursuant to Federal Rule of Civil Procedure 41(b).

### MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff's motion for the appointment of counsel (Docket No. 7) is DENIED without

prejudice on grounds that plaintiff has not stated claims for relief. Plaintiff may renew his

motion when he files his amended complaint.

### CONCLUSION

The complaint is DISMISSED with leave to amend. Plaintiff shall file an amended

complaint correcting the deficiencies described in this order within 30 days from the date this

order is filed. Failure to file an amended complaint by such time will result in dismissal of

the action without further notice to plaintiff.

Plaintiff's motion for the appointment of counsel (Docket No. 7) is DENIED without

prejudice.

This order terminates Docket No. 7.

**IT IS SO ORDERED**.

DATED: May 24, 2010

RICHARD SEEBORG
United States District Judge